8    UNITED STATES DISTRICT COURT

9    EASTERN DISTRICT OF CALIFORNIA

10

| KAREEM J. HOWELL, | Case No. 1:19-cv-00567-BAM (PC) |
|---|---|
| Plaintiff, | ORDER REGARDING PLAINTIFF'S NOTICE TO PROCEED ON COGNIZABLE CLAIMS |
| v. | |
| GALAN, et al., | (ECF Nos. 1, 13) |
| Defendants. | |

Plaintiff Kareem J. Howell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 18, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Galan and Guzman for deliberate indifference to serious medical needs for failing to provide heart medication and a cognizable claim against Defendants Guzman and Sanchez for retaliation, but failed to state any other cognizable claims against any other defendant. (ECF No. 13.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court in writing of his willingness to proceed only on the medical deliberate indifference claim against Defendants Galan and Guzman and the retaliation claim against Defendants Guzman and Sanchez, which would result in Plaintiff's voluntary dismissal of Defendants Flores and Baraona and all other claims, per Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Id. at 9-10.)

On October 28, 2019, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims identified by the Court. (ECF No. 14.) As explained in the Court's October 18, 2019 screening order, this notification also results in Plaintiff's voluntary dismissal of Defendants Flores and Baraona and all other claims pursuant to Rule 41(a)(1)(A)(i). (ECF No. 13, at 9-10.)

"[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "A plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (internal citations omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt., 193 F.3d at 1078.

No Defendants have been served in this action and no defendant has filed an answer or motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. This action will proceed on Plaintiff's complaint, filed on May 2, 2019, (ECF No. 1), against Defendants Galan and Guzman for deliberate indifference to serious medical needs for failing to provide heart medication, and against Defendants Guzman and Sanchez for retaliation;

2. All other claims and Defendants Flores and Baraona are dismissed from this action by operation of law pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

///
///
///

3. The Clerk of the Court is directed to terminate Defendants Flores and Baraona on the docket.

IT IS SO ORDERED.

Dated: **October 30, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE