# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GALAN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00567-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR MODIFICATION OF SCHEDULING ORDER<br><br>(ECF No. 29)<br><br>**Exhaustion Motion Deadline: August 7, 2020** |

Plaintiff Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants Galan and Guzman for deliberate indifference to serious medical needs for failing to provide heart medication and against Defendants Guzman and Sanchez for retaliation.

On February 11, 2020, the Court issued a Discovery and Scheduling Order setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for May 11, 2020. (ECF No. 24.)

On April 9, 2020, Defendants filed the instant motion to modify the Court's discovery and scheduling order to extend the deadline to file an exhaustion-based dispositive motion deadline by ninety days, up to and including August 7, 2020. (ECF No. 29.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

1

1    Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
2    with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily
3    considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations,
4    Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot
5    reasonably be met despite the diligence of the party seeking the extension." Id. If the party was
6    not diligent, the inquiry should end. Id.

7    Defendants state that good cause exists to grant the motion because defense counsel has
8    been unable to conduct a deposition of Plaintiff, in person or by video, due to the outbreak of
9    COVID-19 since issuance of the Court's Discovery and Scheduling Order. Counsel anticipated
10   that the deposition of Plaintiff would provide the relevant information to assist in drafting the
11   motion for summary judgment, and therefore did not prepare written discovery. Counsel states
12   that based on the rapidly evolving COVID-19 situation and resulting changes in CDCR policies,
13   she began drafting exhaustion-based discovery in the event that the situation changed so that a
14   deposition became impossible. Written exhaustion-based discovery was served to Plaintiff on
15   April 3, 2020, and on April 5, 2020, counsel was asked to avoid scheduling even video
16   depositions to minimize inmate movement to help contain COVID-19. Counsel requests a
17   ninety-day extension of the original deadline for exhaustion-based summary judgment motions to
18   allow sufficient time to receive Plaintiff's responses, confer with witnesses if necessary, and
19   finalize documents to be filed. (Id.)

20   Having considered Defendants' moving papers, the Court finds good cause for the
21   continuance of the dispositive motion deadline in this action. The COVID-19 situation and
22   Defendants' subsequent inability to conduct a deposition of Plaintiff is outside the parties'
23   control, and Defendants have demonstrated diligence in attempting to schedule Plaintiff's
24   deposition. Further, the Court finds it would be an efficient use of the resources of the Court and
25   the parties to address any exhaustion issues prior to reaching the merits of this action. Finally, the
26   Court finds that the continuance granted here will not result in prejudice to Plaintiff, where it will
27   also allow him adequate time to prepare responses to the newly-served written discovery requests.
28   This will also allow Defendants an opportunity to file a motion to compel, if necessary, or to

request a further extension of the filing deadline if circumstances change in the future.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 29), is HEREBY GRANTED. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended to **August 7, 2020**.

IT IS SO ORDERED.

Dated: __**April 10, 2020**__  /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE