# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GALAN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00567-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 36) |

Plaintiff Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants Galan and Guzman for deliberate indifference to serious medical needs for failing to provide heart medication and against Defendants Guzman and Sanchez for retaliation.

On February 11, 2020, the Court issued a Discovery and Scheduling Order setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for May 11, 2020. (ECF No. 24.) Pursuant to the Court's April 10, 2020 order granting Defendants' motion to modify the scheduling order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies was extended to August 7, 2020. (ECF No. 30.) Defendants' motion for summary judgment for failure to exhaust is fully briefed and pending before the Court. (ECF Nos. 31, 32, 35.)

On October 13, 2020, Defendants filed the instant motion to modify the Court's discovery and scheduling order to extend the deadline to notice and conduct depositions and the deadline for merit-based dispositive motions.  (ECF No. 36.)  The Court finds a response unnecessary and the motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

Defendants state that good cause exists to grant the motion because defense counsel has been unable to conduct a deposition of Plaintiff, in person or by video, due to the outbreak of COVID-19 and CDCR's request that the Attorney General's Office request continuances for depositions to minimize inmate movement and exposure to COVID-19 and due to the demands on existing video conference resources.  (ECF No. 36.)  In early October 2020, counsel was informed that it was possible to start working with institutions to set video conference depositions, subject to availability at the particular institution.  Despite immediately reaching out to Plaintiff's institution, counsel was not able to schedule and notice a deposition sufficiently in advance of the discovery deadline in this action.  Defendants further argue that an extension of the deadlines in this case is also appropriate because Defendants' exhaustion-based summary judgment motion is currently pending before the Court, and if granted in part or in whole it would narrow the scope of any deposition or a merits-based motion for summary judgment, or completely negate the need for additional discovery or dispositive motions.  Defendants request that the discovery deadline be extended to 45 days after the Court rules on the pending exhaustion-based motion for summary judgment, and that the deadline to file a merits-based motion for summary judgment be extended to 90 days after the Court's ruling.  (Id.)

Having considered Defendants' moving papers, the Court finds good cause to modify the discovery and dispositive motion deadlines in this action.  However, the Court finds that vacating

the current deadlines, to be reset as necessary, is appropriate under the circumstances. Due to the COVID-19 situation and Defendants' subsequent inability to conduct a deposition of Plaintiff is outside the parties' control, and Defendants have demonstrated diligence in attempting to schedule Plaintiff's deposition. Further, the Court finds it would be an efficient use of the resources of the Court and the parties to address any exhaustion issues prior to reaching the merits of this action. Finally, the Court finds that the continuance granted here will not result in prejudice to Plaintiff, where the exhaustion-based summary judgment motion remains pending.

Based on the foregoing, Defendants' second motion to modify the scheduling order, (ECF No. 36), is HEREBY GRANTED IN PART. The discovery and dispositive motion deadlines are VACATED. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **October 14, 2020**              /s/ *Barbara A. McAuliffe*          _
                                         UNITED STATES MAGISTRATE JUDGE